UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA MARTIN,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT MILLER,<br>　　　　Defendant. | Case No. 15-cv-02136-DMR<br><br>**ORDER DISMISSING COMPLAINT** |

　　　　Plaintiff Yohonia Martin filed an application for leave to proceed in forma pauperis ("IFP"). On July 2, 2015, the court granted the IFP application and dismissed Plaintiff's complaint with leave to amend. [Docket No. 5.] The court's order noted that Plaintiff's complaint did not clearly plead a basis for federal-question jurisdiction or diversity jurisdiction, and that Plaintiff's allegations failed to state a claim upon which relief can be granted. The court ordered Plaintiff to file an amended complaint that addressed these deficiencies by July 23, 2015.

　　　　On July 9, 2015, Plaintiff filed a document titled "Opening Brief" in which Plaintiff provides additional details about the allegations in the complaint. [Docket No. 6.] Plaintiff subsequently filed a document titled "Motion to Amend," along with five proposed subpoenas, and "Fact To Be Considered By The Court," along with three proposed subpoenas. [Docket Nos. 7, 8.] The court construes the July 9, 2015 "Opening Brief" to be Plaintiff's amended complaint. This document, which is largely incomprehensible, fails to cure the defects noted by the court in its order dismissing the complaint. Specifically, Plaintiff has failed to plead facts to support federal-question jurisdiction. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Plaintiff also does not plead any facts to support diversity jurisdiction, since Plaintiff and Defendant Robert Miller appear to be citizens of California and Plaintiff does not

1   allege the value of any damages suffered as a result of Defendant's alleged actions.  *See* 28 U.S.C.
2   § 1332(a) (providing that district courts shall have original jurisdiction of civil actions between
3   citizens of different states where the matter in controversy exceeds $75,000).

4         The court has also reviewed Plaintiff's "Motion to Amend" and "Fact To Be Considered
5   By The Court."  These documents, which are also difficult to understand, contain some facts
6   related to the allegations in the complaint against Defendant Miller.  However, they do not contain
7   any facts to support this court's subject matter jurisdiction over this action.  In the Motion to
8   Amend, Plaintiff briefly mentions the Fourteenth Amendment, stating "Plaintiff is in addition
9   attempting to bring to Judicial point for review the possible conversion of defendant and The
10  Camonar Group of San Mateo (where the opposite party of the plaintiff has the name Ruby Khan
11  bringing plaintiff to the thought of institutional sabotage) to which and whom are again
12  responsible and also for placing plaintiff in the suspect classification of the Fourteenth
13  Amendment of the Civil Rights Act."  (Mot. to Amend 3.)  It is unclear who the "Camonar Group"
14  or "Ruby Khan" are, and Plaintiff has not alleged any other facts about them or named them as
15  defendants in this action.  Moreover, the Fourteenth Amendment commands that no State shall
16  "deny to any person within its jurisdiction the equal protection of the laws," and "can be violated
17  only by conduct that may be fairly characterized as 'state action.'"  *Lugar v. Edmondson Oil Co.,*
18  *Inc.*, 457 U.S. 922, 924 (1982).  Here, the sole defendant named in Plaintiff's complaint is Robert
19  Miller, and Plaintiff makes no allegations that his actions may be characterized as "state action."

20        Plaintiff has already been given one opportunity to amend the complaint to allege facts
21  supporting this court's jurisdiction.  Having failed to do so, the court dismisses this action and
22  directs the Clerk of the Court to close the case.  Plaintiff's requests for the court to issue
23  subpoenas are denied as moot.

25        **IT IS SO ORDERED.**
26  Dated: August 3, 2015



Donna M. Ryu
United States Magistrate Judge

2